**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv290**

| | |
|---|---|
| **DONALD JAMES WHEELER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **GUILD INTERNATIONAL, INC.; and** ) | |
| **MICHAEL S. WHEELER,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss and is before the court in accordance with 28, United States Code, Section 636(c). Such motion was filed on September 23, 2005, and the response, if any, was due to be filed not later than October 10, 2005. L.R. 7.1(B). No response was filed by the plaintiff to defendants' Motion to Dismiss. Having considered defendants' motion and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I. Introduction: Consideration of an Unopposed Motion**

Defendants have moved to dismiss this action in accordance with Rule 12(b)(2)&(6), primarily contending that this court lacks personal jurisdiction. Inasmuch as plaintiff has not responded to such motion, the undersigned has accepted defendants' jurisdictional representations as true and defendants' arguments of law as conclusive where they are supported by current case law. Finding that defendants' brief is wholly consistent with current case law, the undersigned fully adopts and incorporates herein defendants' brief in its entirety.

1

## II. Standards Applicable to Rule 12(b)(2) & (6) Motions

### A. Rule 12(b)(2)

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was set forth in Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989), where it explained that a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. By not responding, plaintiff has failed to satisfy that requirement as a matter of law.

When a factual dispute arises as to whether or not jurisdiction exists, the court may either conduct an evidentiary hearing or defer ruling on the matter until it receives evidence on the jurisdictional issue at trial. Id. When a court decides the issue on the record then before it, the court may consider "the motion papers, supporting legal memoranda, affidavits, other documents, and the relevant allegations of the complaint," and the burden is plaintiff's "to make a mere *prima facie* showing of jurisdiction to survive the jurisdictional challenge." Clark v. Milam, 830 F.Supp. 316, 319 (S.D.W.Va.1993) (citations omitted). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Bakker, at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id.

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

### III. Discussion

#### A. Background

Plaintiff is the former president and controlling shareholder of defendant guild International, Inc. (hereinafter "Guild"). Complaint, at ¶ 2.

Guild is an Ohio company engaged in the business of constructing and selling machinery for use in manufacturing plants. Id., at ¶ 4.

Defendant Michael S. Wheeler is plaintiff's son, the current president of Guild, and a citizen of Ohio. Id., at ¶ 3.

Plaintiff alleges that he sold his shares to his son, retired from Guild, and entered into a non-competition agreement, and that defendants breached that agreement when it failed to pay him $30,000.00 in compensation allegedly due under such contract. Id., at ¶¶ 5-10. Plaintiff further contends that defendants owe him a percentage of gross sales on certain revenue earned from sales of certain equipment based on his alleged intellectual property rights therein. Id., at 2. Plaintiff has asserted two claims: (1) breach of the non-compete contract; and (2) breach of an agreement to pay royalties on intellectual property.

In moving to dismiss, defendants contend that the first cause of action should be dismissed for failure to state a claim inasmuch as defendant Michael Wheeler was not a party to the contract. Defendants further contend that this action should be dismissed in its entirety inasmuch as this court lacks personal jurisdiction over either defendant. Inasmuch as jurisdiction is a threshold concern, the undersigned will consider that first that motion to dismiss.

#### B. Lack of Personal Jurisdiction

Both defendants have alleged and shown by affidavit that they have no contacts with North Carolina. In an unopposed affidavit, defendants have shown the court that they have

4

never owned real property in this state, never traveled to North Carolina for business reasons, Defendant Wheeler has never traveled to North Carolina for business purposes and seldom for personal reasons. The defendant Guild International, Inc., has not sold any product in North Carolina since 2003, has no regular customers in North Carolina, and has not mailed any promotional materials to North Carolina since 2002. Further, Defendant Guild avers that sales in the past have resulted in an insignificant portion of its corporate revenues, less than one percent.

At the constitutional level, whether or not to exercise jurisdiction over a defendant is a question of fairness. International Shoe Co. v. Washington, 326 U.S. 310, 317-20 (1945). However, determining what is fair requires review of the quantity and quality of the defendants' contacts with the forum state. Perkins v. Benquet Mining Co., 342 U.S. 4376 (1952). Constitutional concerns only arise where jurisdiction is allowed pursuant to a state's long-arm statute. As the Court of Appeals for the Fourth Circuit has stated:

> [W]hen evaluating the propriety of jurisdiction obtained pursuant to a long-arm statute, a two-step analysis is normally required. First, we must determine whether the statutory language applies to the defendant; second, if the statutory language applies, we must determine whether the statutory assertion of jurisdiction is consistent with the due process clause of the Constitution.

English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990) (citation omitted).

In considering defendants' Motion to Dismiss, analysis begins with the two-step approach furnished by the circuit court. The North Carolina Supreme Court has held that the state's jurisdictional statute applies to a defendant who meet the minimal contacts requirement of International Shoe Co. v. Washington, supra. See Dillon v. Numismatic Funding Corp., 291 N.C. 674 (1977); see also Western Steer-Mom & Pops v. FMT Invs., Inc., 578 F. Supp. 260, 264 (W.D.N.C. 1984). The two-pronged approach approved by the circuit in English & Smith "collapses into the question of whether (the Defendants have) the

minimum contacts with North Carolina." Fieldcrest Mills, Inc. v. Mohasco Corp., 442 F. Supp. 424, 426 (M.D.N.C. 1977).

There are five factors used in determining whether the long-arm statute and minimum contacts have been satisfied:

(1) quantity of the contacts;
(2) nature and quality of the contacts;
(3) source and connection of the cause of action to the contacts;
(4) interest of the forum state; and
(5) convenience.

Western Steer-Mom & Pops v. FMT Invs., Inc., supra, at 264; see Fieldcrest Mills, Inc. v. Mohasco Corp., supra, at 427; see also N.C. Gen. Stat. § 1-75.4(5) (North Carolina long-arm statute).

The burden belongs to plaintiff to establish that the long-arm statute provides for jurisdiction over these defendants. Marion v. Long, 72 N.C. App. 585, cert. denied, 313 N.C. 604 (1985). Inasmuch as no materials or argument have been presented by plaintiff, plaintiff has failed to meet his burden.

The North Carolina long-arm statute specifically requires "substantial activity" within the state. N.C. Gen. Stat. Section 1-75.4(d) (1989). The evidence presented by defendants shows few and insignificant contacts with North Carolina. While Defendant Guild has done business with customers in North Carolina in the past, it appears that no such business has been either solicited or conducted in North Carolina in a number of years, and even when it was, such business was insignificant.

Contacts with a state should be viewed together, not in isolation. Hirschkop & Grad, P.C. v. Robinson, 757 F.2d 1499, 1503 (4th Cir. 1985). Viewed together, it still appears that such contacts are insignificant and are indicative of a business that did not systematically and regularly do business in this state.

The nexus between the contacts and the source of action is wholly unrelated.

The intent of the North Carolina long-arm statute is to assert *in personam* jurisdiction to the full extent permitted by the Due Process Clause of the United States Constitution. Kaplan School Supply Corp. v. Henry Wurst, Inc., 56 N.C. App. 567, cert. denied, 306 N.C. 385 (1982). There is a mandate that the North Carolina long-arm statute be given liberal construction, thereby favoring the finding of personal jurisdiction. F.D.I.C. v. Kerr, 637 F. Supp. 828 (W.D.N.C. 1986). As exhibited in the long-arm statute, North Carolina has a substantial interest in the execution of contracts within this state, promises of services to be rendered in this state, solicitation of business within the state, and goods or intellectual property being licensed or sold to corporate residents of the state. See N.C. Gen. Stat. §§ 1-75.4(5)(a), et seq. It does not appear that any of these contracts were solicited by defendants in North Carolina or that any of the contracts were executed by defendants in North Carolina. The only connection to North Carolina is that North Carolina became the place where defendants would send payments as plaintiff moved his retirement home from Florida to North Carolina.

Whether the travel required in this case will be by or on behalf of defendants from Ohio to North Carolina or whether plaintiff will have to travel from North Carolina to Ohio, the court is aware of the considerable distance and cost involved. This factor is neutral.

Specific jurisdiction will exist and the "fair warning" requirement will be satisfied only if the defendants have "purposefully directed" their activities at a resident of the forum, and the litigation results from the alleged injuries that "arise out of or relate to" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). In this case, there is no showing that defendants purposely directed their activities at a North Carolina resident and there is no evidence that plaintiff's claims arise from those activities. Simply mailing

payments to a person who now resides in North Carolina does not suffice. See Le Bleu Corp. v. Standard Capital Group, Inc., 2001 WL 672066 (4th Cir. 2001).[1]

As to general jurisdiction, the contacts were not sufficient to have led defendants to "reasonably anticipate being haled into court" in North Carolina. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Therefore, the undersigned determines that this court lacks jurisdiction over the defendants and that the exercise of such jurisdiction would offend traditional notions of fair play and substantial justice and will order the dismissal, without prejudice, of the plaintiff's Complaint for lack of personal jurisdiction.

### C. Failure to State a Claim

In addition, Defendant Wheeler has asserted that he was not, in his individual capacity, a signatory to the purported contract concerning the non-competition agreement. Review of the contract, which defendants have annexed to their motion,[2] clearly shows that Defendant Wheeler signed such agreement in his capacity as president of Guild International, Inc.

To hold Defendant Wheeler personally responsible for this agreement, plaintiff would have to first allege that the court should pierce the corporate veil based on some misuse of the corporate form by Defendant Wheeler. In determining whether to pierce the corporate veil, North Carolina courts consider a number of factors, which include:

(1) inadequate capitalization ("thin incorporation"), Commonwealth Mut. Fire Ins. Co. v. Edwards & Broughton, 124 N.C. 116 (1899);

---

[1] Due to the limits of electronic filing, such unpublished decision is incorporated herein by reference to the Westlaw citation.

[2] Plaintiff failed to attach that agreement to his Complaint. The court need not convert this motion into one for summary judgment inasmuch as the contract submitted was referenced in the Complaint at ¶¶ 6 through 10. Gasner v. County of Dinwiddle, 162 F.R.D. 280 (E.D.Va. 1995).

(2) non-compliance with corporate formalities, <u>Hammond v. Williams</u>, 215 N.C. 657 (1939);

(3) complete domination and control of the corporation so that it has no independent identity, <u>B-W Acceptance Corp. v. Spencer</u>, 268 N.C. 1 (1966); and

(4) excessive fragmentation of a single enterprise into separate corporations, <u>Fountain v. West Lumber Co.</u>, 161 N.C. 35 (1912).

<u>See</u> Robinson, North Carolina Corporation Law, §§ 2-12, 9-7 to -10. Plaintiff has made no allegations that would support any of these factors; therefore, plaintiff's claim against Defendant Wheeler is subject to dismissal under Rule 12(b)(6). The court makes this determination in an abundance of caution, should there be further review of this decision that results in a finding of jurisdiction.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss is **ALLOWED,** and the action is **DISMISSED** in its entirety without prejudice as to refiling in an appropriate forum.

**Signed: November 15, 2005**

/s/ Dennis L. Howell
Dennis L. Howell
United States Magistrate Judge